UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OMEGA HOSPITAL, L.L.C.                    CIVIL ACTION

VERSUS                                    No. 08-1575

BOARD OF TRUSTEES OF THE STATE OF NORTH CAROLINA    SECTION:  I/5
TEACHERS' AND STATE EMPLOYEES' COMPREHENSIVE
MAJOR MEDICAL PLAN, *et al.*

ORDER AND REASONS

Before the Court are the following motions:

(1)  Motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and, alternatively, a motion to dismiss for failure to state a cause pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on behalf of defendant, Board of Trustees of the State of North Carolina Teachers' and State Employees' Comprehensive Major Medical Plan ("NC Health Plan").[1]  For the following reasons, NC Health Plan's motion to dismiss pursuant to Rule 12(b)(2) is **GRANTED** and its alternative motion to dismiss pursuant to Rule 12(b)(6) is **DISMISSED AS MOOT**.

(2)  Motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and, in the alternative, a motion to dismiss

---

[1]Rec. Doc. No. 5.

for failure to join a necessary party pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure and a motion to dismiss for failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed on behalf of defendant, Blue Cross and Blue Shield of North Carolina ("Blue Cross").[2]  For the Following reasons, Blue Cross' motion to dismiss pursuant to Rule 12(b)(2) is **GRANTED** and its alternative motions to dismiss pursuant to Rules 12(b)(7) and 12(b)(6) are **DISMISSED AS MOOT.**

## BACKGROUND

On or about March 22, 2006, "Deborah E." sought medical treatment from plaintiff, Omega Hospital, L.L.C., ("Omega").  Omega alleges that, prior to rendering treatment to Deborah E., it contacted defendants, NC Health Plan[3] and Blue Cross, in order to confirm that Deborah E.'s health plan, which was issued by NC Health Plan and administered by Blue Cross, covered the specific care to be rendered.[4]  Omega asserts that it treated Deborah E. based on defendants' alleged representation that the care to be

---

[2]Rec. Doc. No. 6.

[3]The Court notes that Omega only directly contacted Blue Cross in order to verify Deborah E.'s insurance coverage.  Rec. Doc. No. 16, p. 5.  However, Omega contends that, in light of the fact that Blue Cross was acting as NC Health Plan's agent in the administration of Deborah E.'s health plan at the time it was contacted by Omega, NC Health Plan is also responsible for the verification of Deborah E.'s health plan.  *Id*.

[4]Rec. Doc. No. 1-2, p. 3, para. IV.

rendered was fully covered by Deborah E.'s health plan.[5]

Omega alleges that, after rendering treatment to Deborah E., it submitted claims to NC Health Plan and Blue Cross in order to receive reimbursement for the value of said treatment.[6]  Omega asserts that its claims were later paid at a rate below the rate previously quoted by NC Health Plan and Blue Cross and/or they were fully denied as not being covered by Deborah E.'s health plan.[7]

On February 27, 2008, Omega filed a lawsuit against NC Health Plan and Blue Cross in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, seeking to recover damages for bad faith breach of an oral contract and detrimental reliance.[8] On April 9, 2008, defendants removed Omega's lawsuit to federal court citing diversity jurisdiction pursuant to 28 U.S.C. § 1332.[9] On June 3, 2008, NC Health Plan and Blue Cross filed these motions.

## LAW AND ANALYSIS

### A.   PERSONAL JURISDICTION

In the context of a motion filed pursuant to Rule 12(b)(2), a

---

[5]*Id.* para. VI.

[6]*Id.* para. V.

[7]*Id.*

[8]Rec. Doc. No. 1-2.  The Court notes that in a telephone conference conducted on September 11, 2008, Omega's counsel stated that Omega's causes of action against NC Health Plan and Blue Cross are based solely on Louisiana contract law.

[9]Rec. Doc. No. 1.

plaintiff must establish a court's personal jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). When considering such a motion, the court must accept as true "[t]he allegations of the complaint, except insofar as controverted by opposing affidavits." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985) (*citing DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270-71 (5th Cir. 1983)). Further, "all conflicts in the facts must be resolved in favor of the plaintiff for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Id.*

"A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993).

With respect to the first prong, this Court must apply Louisiana's long-arm statute, La. Rev. Stat. Ann. § 13:3201,[10]

---

[10]The text of La. Rev. Stat. Ann. § 13:3201 reads:

A.   A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities by the nonresident:
   (1)   Transacting any business in this state.
   (2)   Contracting to supply services or things in this state.
   (3)   Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
   (4)   Causing injury or damage in this state by an offense or quasi

because a nonresident defendant is subject to the personal jurisdiction of a federal court sitting in diversity in Louisiana to the same extent that the defendant would be amenable to the jurisdiction of a Louisiana court. *See Trinity Indus., Inc. v. Myers & Assocs., Ltd.*, 41 F.3d 229, 230 (5th Cir. 1995). Because Louisiana's long-arm statute provides that a court may exercise jurisdiction over a nonresident defendant to the full extent provided by the Due Process clause of the United States Constitution, the first prong of the personal jurisdiction analysis collapses into the second prong. *See* La. Rev. Stat. Ann. § 13:3201(B) (2006); *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999); *Petrol. Helicopters, Inc. v. Avco Corp.*, 513 So. 2d 1188, 1190-91 (La. 1987).

---

offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

(5) Having an interest in, using or possessing a real right on immovable property in this state.

(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.

(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which the individual has established no meaningful 'contacts, ties, or relations.'" *Dickson Marine*, 179 F.3d at 336 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528, 540 (1985)). The due process analysis is also two-pronged.

First, the defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95, 102 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 342-43, 85 L. Ed. 278, 283 (1940)). The minimum contacts inquiry for personal jurisdiction is subdivided into two categories: general jurisdiction and specific jurisdiction. *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996).

Second, it must be reasonable to require the nonresident to defend the lawsuit in the forum state. *See Burger King*, 471 U.S. at 476-78, 105 S. Ct. at 2184-85, 85 L. Ed. 2d at 543-44. Under the reasonableness prong, "[a] court must consider the burden on the defendant, the interests of the forum State, . . . the plaintiff's interest in obtaining relief[,] . . . 'the interstate judicial system's interest in obtaining the most efficient

resolution of controversies[,] and the shared interest of the several States in furthering fundamental substantive social policies.'" *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92, 105 (1987) (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490, 498 (1980)).

### 1.   <u>SPECIFIC PERSONAL JURISDICTION</u>

"Specific jurisdiction applies when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (*quoting Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001)). "The 'minimum contacts' prong, for specific jurisdiction purposes, is satisfied by actions, or even just a single act, by which the non-resident defendant 'purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Ruston Gas*, 9 F.3d at 419 (*quoting Burger King*, 471 U.S. at 475, 105 S. Ct. at 2183, 85 L. Ed. 2d at 542).

Purposeful availment "must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." *Id.* (*quoting World-Wide Volkswagen*, 444 U.S. at 297, 100 S. Ct. at

567, 62 L. Ed. 2d at 501).  "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Moncrief Oil Int'l Inc. v. Oao Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007).

### 2.   GENERAL PERSONAL JURISDICTION

General jurisdiction exists when a defendant's contacts with the forum state are not related to the cause of action, but are continuous and systematic. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999); *see Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 217 (5th Cir. 2000) (stating that in order to show contacts unrelated to the litigation are sufficient to satisfy due process, the contacts must be substantial, continuous, and systematic).  "If a defendant has sufficient 'continuous and systematic' general contacts with the state, the forum may exercise general personal jurisdiction over the defendant for a 'cause of action [that] does not arise out of or relate to the [defendant's] activities in the forum state.'" *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 624 (5th Cir. 1999) (*quoting Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404, 411 (1984)) (citation omitted).

### DISCUSSION

In their motions to dismiss for lack of personal jurisdiction, NC Health Plan and Blue Cross present identical arguments.  In turn, Omega presents identical arguments opposing NC Health Plan's

and Blue Cross' motions.  Accordingly, the Court shall consider the motions together.

A.  <u>**SPECIFIC PERSONAL JURISDICTION**</u>

With respect to its assertion of specific personal jurisdiction, Omega contends that NC Health Plan's and Blue Cross' contacts with Louisiana consist of at least two telephone conversations, initiated by Omega, during which NC Health Plan and Blue Cross allegedly verified that Deborah E.'s health plan covered the specific care to be provided by Omega.  Omega argues that the aforementioned conversations are sufficient to confer specific personal jurisdiction in Louisiana because Omega allegedly sustained economic losses in Louisiana as a result of relying on the representations made therein.  Omega also argues that the representations made during its conversation with NC Health Plan and Blue Cross are sufficient to confer specific personal jurisdiction because they are inextricably related to significant activities that occurred in Louisiana, i.e., the rendition of medical services.

Accepting Omega's factual assertions as true, the Court finds that the two alleged telephone conversations between Omega, NC Health Plan, and Blue Cross are insufficient to confer specific

personal jurisdiction.[11]  Those conversations were unsolicited, initiated by Omega, and, if anything, they were the product of the mere fortuity that Omega is a resident of the state where Deborah E., traveled in order to receive medical treatment, i.e., Louisiana.  *See Moncrief Oil Int'l*, 481 F.3d at 312 ("Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction).

Omega fails to provide sufficient evidence to establish that NC Health Plan or Blue Cross engaged in affirmative or proactive conduct in Louisiana, whereby they purposefully or intentionally availed themselves of the benefits and protections of that forum's laws.  Accordingly, the Court finds that subjecting NC Health Plan and Blue Cross to specific personal jurisdiction in Louisiana would offend traditional notions of fair play and substantial justice. *See, e.g., Memorial Hosp. Sys. v. Blue Cross and Blue Shield of Arkansas*, 830 F.Supp. 968 (S.D. Tex. 1993).

B.   **GENERAL PERSONAL JURISDICTION**

In their motions to dismiss, NC Health Plan and Blue Cross

---

[11]All three cases cited by plaintiff in support of its personal jurisdiction argument--*Lewis v. Fresne*, 252 F.3d 352 (5th Cir. 2001); *Wien Air Alaska, Inc. V. Brandt*, 195 F.3d 208 (5th Cir. 1999); *Lifecare Hosp., Inc. v. B & W Quality Growers, Inc.*, 887 So. 2d 624 (La. App. 2d Cir. 2004)--are cases which focused on tort causes of action. *See Wien Air*, 195 F.3d at 213 (5th Cir. 1999)("It may have been fortuitous, but the tortious nature of the directed activity constitutes purposeful availment.") As previously mentioned, plaintiff alleges a contract cause of action. Plaintiff's claim of personal jurisdiction is foreclosed by *Moncrief*, 481 F.3d at 312. *See also Stuart v. Spademan*, 772 F.2d 1185, 1193-94 (5th Cir. 1985).

argue that they have not maintained systematic and continuous contacts with Louisiana sufficient to confer general subject matter jurisdiction.  In support of that argument, NC Health Plan offers the sworn declaration of its executive administrator, George C. Stokes ("Stokes"), and Blue Cross offers the sworn declaration of its senior counsel, Sherry Dawson ("Dawson").[12]  Stokes' and Dawson's declarations both state, in pertinent part, that NC Health Plan and Blue Cross (1) are not registered or licensed to do business in any state other than North Carolina; (2) do not maintain registered agents, offices, or business operations in the State of Louisiana, nor do they employ personnel in the State of Louisiana; (3) do not own real property in the State of Louisiana; and (4) do not maintain bank accounts in the State of Louisiana.[13]

Stokes' and Dawson's declarations notwithstanding, Omega argues that insurance providers, such as NC Health Plan and Blue Cross, conduct business wherever their insureds may travel. Considering the fact that NC Health Plan and Blue Cross' insureds have traveled and, presumably, will continue to travel to Louisiana, Omega asserts that NC Health Plan and Blue Cross conduct sufficient business in and maintain sufficient contacts with Louisiana in order to confer general personal jurisdiction in that forum.

---

[12]Rec. Doc. Nos. 5-4; 6-4.

[13]Rec. Doc. Nos. 5-4; 6-4.

Omega has failed to provide any legal authority substantiating its legal argument.  More significantly, Omega has not provided sufficient evidence to rebut Stokes' and Dawson's declarations and establish that NC Health Plan and Blue Cross otherwise conduct business in Louisiana.

Plaintiff has not provided any evidence indicating that defendants have appointed an agent for service of process in Louisiana, that defendants have solicited any business in Louisiana, that defendants have any employees or assets in Louisiana, or that defendants receive any insurance premiums from residents of Louisiana. Plaintiff has not supported its submission to this Court with any declarations evidencing the scope of any risks it faces in Louisiana or the scope of defendants' overall activities in Louisiana. The facts asserted by plaintiff, standing alone and without other support, do not demonstrate that plaintiff has sustained its burden of showing continuous and systematic contacts in Louisiana that are sufficient for the Court to exercise general personal jurisdiction.  Considering its unsupported allegations, the Court finds that Omega has failed to carry its heavy burden of establishing general personal jurisdiction. *See Delta Brands, Inc. v. Danieli Corp.*, 99 Fed.Appx. 1, at *4 (5th Cir. 2004) (explaining that in the context of a motion to dismiss for lack of personal jurisdiction, courts "need not . . . accept merely conclusory allegations as true") (quotations omitted); *see*

*also Scandiliato v. Johnson*, 2005 WL 1038238, at *2 (E.D. La. April 27, 2005) (Vance, J.) (granting defendant's motion to dismiss where plaintiff failed to provide any evidence to support its claim of general personal jurisdiction).


   Accordingly,

   **IT IS ORDERED** that NC Health Plan's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is **GRANTED** and that Omega's claims against NC Health Plan are **DISMISSED WITHOUT PREJUDICE.**

   **IT IS FURTHER ORDERED** that Blue Cross' motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is **GRANTED** and that Omega's claims against Blue Cross are **DISMISSED WITHOUT PREJUDICE.**

   **IT IS FURTHER ORDERED** that NC Health Plan's alternative motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **DISMISSED AS MOOT.**

   **IT IS FURTHER ORDERED** that Blue Cross' alternative motions to dismiss pursuant to Rules 12(b)(7) and 12(b)(6) of the Federal Rules of Civil Procedure are **DISMISSED AS MOOT.**

   New Orleans, Louisiana, September 16th , 2008

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE